**SPENCER FANE LLP**
David E. Funkhouser III, Esq., Bar No. 022449
Jessica A. Gale, Esq., Bar No. 030583
2415 E. Camelback Road, Suite 600
Phoenix, AZ 85016-4251
Telephone: (602) 333-5451
Facsimile: (602) 333-5431
Email:  dfunkhouser@spencerfane.com
         jgale@spencerfane.com

**GOODWIN PROCTER LLP**
William C. Jackson, Esq. (*pro hac vice pending*)
Samarth Bhat, Esq. (*pro hac vice pending*)
1900 N Street, NW
Washington DC 20036
Telephone: (202) 346-4000
Facsimile:  (202) 478-0819
Email:  WJackson@goodwinlaw.com
         SBhat@goodwinlaw.com

*Attorneys for Defendant/Counterclaimant Biomea Fusion, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Voyage Medical Services, PLLC, | Case No. 2:24-cv-00964-JJT |
| Plaintiff, | |
| v. | **ANSWER AND COUNTERCLAIMS OF BIOMEA FUSION, INC.** |
| Biomea Fusion, Inc. | |
| Defendant. | |
| Biomea Fusion, Inc., | **JURY TRIAL DEMANDED** |
| Counterclaimant, | |
| v. | (Assigned to the Hon. John J. Tuchi) |
| Voyage Medical Services, PLLC, | |
| Counterdefendant. | |

Defendant/Counterclaimant Biomea Fusion, Inc. ("Biomea") hereby answers the

Complaint filed by Plaintiff/Counterdefendant Voyage Medical Services, PLLC

("Voyage") as follows.  Pursuant to Federal Rule of Civil Procedure 8(b)(3), Biomea denies

every allegation not expressly admitted herein.[1]

**PARTIES, JURISDICTION AND VENUE**[2]

1.      Biomea lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 1 of the Complaint, and on that basis denies the allegations of paragraph 1 of the Complaint.

2.      Biomea admits the allegations of paragraph 2 of the Complaint.

3.      Biomea states that the allegations contained in paragraph 3 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Biomea denies the allegations of paragraph 3 of the Complaint.

4.      Biomea admits the allegations of paragraph 4 of the Complaint.

5.      Biomea lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 5 of the Complaint, and on that basis denies the allegations of paragraph 5 of the Complaint.

6.      Biomea lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 6 of the Complaint, and on that basis denies the allegations of paragraph 6 of the Complaint.

7.      Biomea states that the allegations contained in paragraph 7 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Biomea denies the allegations of paragraph 7 of the Complaint.

**FACTUAL ALLEGATIONS**

8.      Responding to paragraph 8 of the Complaint, Biomea admits only that it communicated with Voyage regarding recruiting patients for a clinical trial.  Biomea denies the remaining allegations of paragraph 8 of the Complaint.

---

[1]  This includes, but is not limited to, Voyage's inappropriate and self-serving "Introduction."
[2]  For convenience, Biomea's Answer uses certain of the same headings as set forth in Voyage's Complaint.  In so doing, Biomea does not admit any of the allegations contained in Voyage's headings.

9.      Responding to paragraph 9 of the Complaint, Biomea admits only that it communicated with Voyage regarding recruiting patients for a clinical trial. Biomea denies the remaining allegations of paragraph 9 of the Complaint.

10.     Responding to paragraph 10 of the Complaint, Biomea admits only that a written protocol ("the Protocol") governed the clinical trial, and the Protocol speaks for itself. Biomea denies the allegations of paragraph 10 of the Complaint to the extent inconsistent with the Protocol.

11.     Responding to paragraph 11 of the Complaint, Biomea admits only that the Protocol governed the clinical trial, and the Protocol speaks for itself. Biomea denies the allegations of paragraph 11 of the Complaint to the extent inconsistent with the Protocol.

12.     Responding to paragraph 12 of the Complaint, Biomea only admits that the Protocol governed the clinical trial, and the Protocol speaks for itself. Biomea denies the allegations of paragraph 12 of the Complaint to the extent inconsistent with the Protocol.

13.     Responding to paragraph 13 of the Complaint, Biomea admits only that Biomea's Chief Operating Officer met with Voyage in Phoenix, Arizona. Biomea denies the remaining allegations of paragraph 13 of the Complaint.

14.     Biomea denies the allegations of paragraph 14 of the Complaint.

15.     Responding to paragraph 15 of the Complaint, Biomea admits only that Biomea and Voyage entered into two Clinical Trial Agreements, one dated September 15, 2023 and the other dated September 19, 2023 (collectively, "the Clinical Trial Agreements"), and the Clinical Trial Agreements speak for themselves. Biomea denies the remaining allegations of paragraph 15 of the Complaint to the extent any allegation is inconsistent with the Clinical Trial Agreements.

16.     Responding to paragraph 16 of the Complaint, Biomea admits only that Biomea and Voyage entered into the Clinical Trial Agreements, and the Clinical Trial Agreements speak for themselves. Biomea denies the remaining allegations of paragraph 16 of the Complaint to the extent any allegation is inconsistent with the Clinical Trial Agreements.

17.    Responding to paragraph 17 of the Complaint, Biomea admits only that Biomea and Voyage executed a First Amendment for each of Clinical Trial Agreements, one dated October 12, 2023 and the other dated October 17, 2023 (collectively, "the First Amendments"), and the Clinical Trial Agreements and First Amendments speak for themselves.  Biomea denies the remaining allegations of paragraph 17 of the Complaint to the extent any allegation is inconsistent with the Clinical Trial Agreements and the First Amendments.

18.    Responding to paragraph 18 of the Complaint, Biomea admits that Biomea and Voyage entered into the Clinical Trial Agreements and First Amendments, and the Clinical Trial Agreements and First Amendments speak for themselves.  Biomea further admits that the Protocol governed the clinical trial, and the Protocol speaks for itself. Biomea denies the remaining allegations of paragraph 18 of the Complaint to the extent any allegation is inconsistent with the Clinical Trial Agreements, the First Amendments, and the Protocol.

19.    Responding to paragraph 19 of the Complaint, Biomea admits only that the Protocol governed the clinical trial, and the Protocol speaks for itself.  Biomea denies the remaining allegations of paragraph 19 of the Complaint to the extent any allegation is inconsistent with the Clinical Trial Agreements, the First Amendments, and the Protocol.

20.    Responding to paragraph 20 of the Complaint, Biomea admits that Biomea and Voyage entered into the Clinical Trial Agreements and First Amendments, and the Clinical Trial Agreements and First Amendments speak for themselves.  Biomea further admits that the Protocol governed the clinical trial, and the Protocol speaks for itself. Biomea denies the remaining allegations of paragraph 20 of the Complaint to the extent any allegation is inconsistent with the Clinical Trial Agreements, the First Amendments, and the Protocol.

21.    Responding to paragraph 21 of the Complaint, Biomea admits that Biomea and Voyage entered into the Clinical Trial Agreements and First Amendments, and the Clinical Trial Agreements and First Amendments speak for themselves.  Biomea further

admits that the Protocol governed the clinical trial, and the Protocol speaks for itself. Biomea denies the remaining allegations of paragraph 21 of the Complaint to the extent any allegation is inconsistent with the Clinical Trial Agreements, the First Amendments, and the Protocol.

22.    Responding to paragraph 22 of the Complaint, Biomea admits that Biomea and Voyage entered into the Clinical Trial Agreements and First Amendments, and the Clinical Trial Agreements and First Amendments speak for themselves.  Biomea further admits that the Protocol governed the clinical trial, and the Protocol speaks for itself. Biomea denies the remaining allegations of paragraph 22 of the Complaint to the extent any allegation is inconsistent with the Clinical Trial Agreements, the First Amendments, and the Protocol.

23.    Responding to paragraph 23 of the Complaint, Biomea admits that Biomea and Voyage executed a Second Amendment for each of Clinical Trial Agreements, both dated December 15, 2023 (collectively, "the Second Amendments"), and the Clinical Trial Agreements and Second Amendments speak for themselves.  Biomea further admits that the Protocol governed the clinical trial, and the Protocol speaks for itself.  Biomea denies the remaining allegations of paragraph 23 of the Complaint to the extent any allegation is inconsistent with the Clinical Trial Agreements, the First Amendments, the Second Amendments, and the Protocol.

24.    Responding to paragraph 24 of the Complaint, Biomea admits that Biomea and Voyage entered into the Clinical Trial Agreements and Second Amendments, and the Clinical Trial Agreements and Second Amendments speak for themselves.  Biomea further admits that the Protocol governed the clinical trial, and the Protocol speaks for itself. Biomea denies the remaining allegations of paragraph 24 of the Complaint to the extent any allegation is inconsistent with the Clinical Trial Agreements, the First Amendments, the Second Amendments, and the Protocol.

25.    Responding to paragraph 25 of the Complaint, Biomea admits that Biomea and Voyage entered into the Clinical Trial Agreements, First Amendments, and Second

Amendments, and the Clinical Trial Agreements, First Amendments, and Second Amendments speak for themselves.  Biomea further admits that the Protocol governed the clinical trial, and the Protocol speaks for itself.   Biomea denies the remaining allegations of paragraph 25 of the Complaint to the extent any allegation is inconsistent with the Clinical Trial Agreements, the First Amendments, the Second Amendments, and the Protocol.

26.     Responding to paragraph 26 of the Complaint, Biomea admits that Biomea and Voyage entered into the Clinical Trial Agreements and Second Amendments, and the Clinical Trial Agreements and Second Amendments speak for themselves.  Biomea further admits that the Protocol governed the clinical trial, and the Protocol speaks for itself. Biomea denies the remaining allegations of paragraph 26 of the Complaint to the extent any allegation is inconsistent with the Clinical Trial Agreements, the First Amendments, the Second Amendments, and the Protocol.

27.     Biomea lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 27 of the Complaint, and on that basis denies the allegations of paragraph 27 of the Complaint.

28.     Biomea lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 28 of the Complaint, and on that basis denies the allegations of paragraph 28 of the Complaint.

29.     Biomea lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 29 of the Complaint, and on that basis denies the allegations of paragraph 29 of the Complaint.

30.     Biomea denies the allegations of paragraph 30 of the Complaint.

31.     Biomea denies the allegations of paragraph 31 of the Complaint.

32.     Responding to paragraph 32 of the Complaint, Biomea admits only that Biomea and Voyage entered into the Clinical Trial Agreements, the First Amendments, the Second Amendments, and the Protocol, and those documents speak for themselves.  Biomea denies the remaining allegations of paragraph 32 of the Complaint to the extent any

allegation is inconsistent with those documents.

33.     Biomea denies the allegations of paragraph 33 of the Complaint.

34.     Biomea denies the allegations of paragraph 34 of the Complaint.

35.     Responding to paragraph 35 of the Complaint, Biomea admits only that Voyage sent a series of communications seeking payment in December 2023.  Those communications speak for themselves.  Biomea denies the remaining allegations of paragraph 35 of the Complaint to the extent any allegation is inconsistent with those communications.

36.     Biomea denies the allegations of paragraph 36 of the Complaint.

37.     Biomea denies the allegations of paragraph 37 of the Complaint.

38.     Biomea denies the allegations of paragraph 38 of the Complaint.

## COUNT I

## Breach of Contract

39.     Biomea restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

40.     Biomea states that the allegations contained in paragraph 40 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Biomea denies the allegations of paragraph 40 of the Complaint.

41.     Biomea states that the allegations contained in paragraph 41 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Biomea denies the allegations of paragraph 41 of the Complaint.

42.     Biomea states that the allegations contained in paragraph 42 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Biomea denies the allegations of paragraph 42 of the Complaint.

43.     Biomea denies the allegations of paragraph 43 of the Complaint.

44.     Biomea states that the allegations contained in paragraph 44 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Biomea denies the allegations of paragraph 44 of the Complaint.

45. Biomea denies the allegations of paragraph 45 of the Complaint.

46. Biomea denies the allegations of paragraph 46 of the Complaint.

## COUNT II

### Breach of the Covenant of Good Faith and Fair Dealing

47. Biomea restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

48. Biomea states that the allegations contained in paragraph 48 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Biomea denies the allegations of paragraph 48 of the Complaint.

49. Biomea denies the allegations of paragraph 49 of the Complaint.

50. Biomea denies the allegations of paragraph 50 of the Complaint.

51. Biomea denies the allegations of paragraph 51 of the Complaint.

## COUNT III

### Unjust Enrichment

52. Biomea restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

53. Biomea lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 53 of the Complaint, and on that basis denies the allegations of paragraph 53 of the Complaint.

54. Biomea denies the allegations of paragraph 54 of the Complaint.

55. Biomea lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 55 of the Complaint, and on that basis denies the allegations of paragraph 55 of the Complaint.

56. Biomea lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 56 of the Complaint, and on that basis denies the allegations of paragraph 56 of the Complaint.

57. Biomea denies the allegations of paragraph 57 of the Complaint.

58. Biomea denies the allegations of paragraph 58 of the Complaint.

59.     Biomea denies all allegations contained in the Complaint not expressly admitted herein.

## RELIEF REQUESTED

Biomea denies any and all allegations contained in the remainder of the Complaint, including any of the headings, and denies that Voyage is entitled to any of the relief requested, or to any other relief, in any form, whatsoever.

## AFFIRMATIVE DEFENSES

By alleging the Defenses set forth below, Biomea does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.  Biomea expressly reserves the right to supplement, amend, or withdraw any or all of the following defenses as warranted by discovery or other investigation, or for any other reason.  For its Defenses to Voyage's Complaint, Biomea alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Voyage's claims are barred, in whole or in part, due to its own breach of contract.

## THIRD AFFIRMATIVE DEFENSE

Voyage's claims are barred, in whole or in part, by the Parole Evidence Rule.

## FOURTH AFFIRMATIVE DEFENSE

Voyage's claims are barred, in whole or in part, due to its own conduct, acts, and omissions, including the conduct, acts, and omissions alleged in Biomea's Counterclaims below.

## OTHER AFFIRMATIVE DEFENSES RESERVED

Biomea hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

**COUNTERCLAIMS**

Defendant/Counterclaimant Biomea Fusion, Inc. ("Biomea") hereby alleges the following Counterclaims against Plaintiff/Counterdefendant Voyage Medical, Inc. ("Voyage").

**NATURE OF ACTION**

1.     Biomea is a clinical stage biopharmaceutical company seeking approval from the U.S. Food and Drug Administration ("FDA") for a potential drug known as BMF-219.

2.     As a part of the FDA approval process, Biomea is required to undertake a series of clinical trials, closely monitored by FDA, and commonly referred to in the industry as Phase 1 studies, Phase 2 studies, Phase 3 studies, etc.  Because these clinical trials involve administering a novel potential pharmaceutical product in human patients, Biomea undertook the significant effort to carefully design a clinical trial protocol ("the Protocol"). The Protocol must be approved by the FDA.  Compliance with the Protocol is monitored by an institutional review board ("IRB").  An amendment to the Protocol by any party must likewise be approved by the relevant authorities.

3.     Biomea's ability to obtain approval for BMF-219 is predicated upon it ensuring that it has conducted clinical trials for that potential drug consistent with the Protocol approved by the FDA and IRB.  Compliance with the Protocol, approved for the current Phase 1 and Phase 2 clinical trials, is mandatory.  The Protocol spans more than one hundred and twenty (120) pages and provides comprehensive details regarding how the clinical trials are to be conducted.

4.     The Protocol provided that patients with Type 2 diabetes mellitus ("T2D") would be pre-screened for the study population.

5.     Biomea entered contracts with Voyage to recruit and screen participants for its BMF-219 clinical trials (the "Study").

6.     Biomea and Voyage (together, "the Parties") entered into two Clinical Trial Agreements, one dated September 15, 2023, with Mr. Ali Imran as the Principal Investigator, and the other dated September 19, 2023, with Mr. Umayr Azimi as the

Principal Investigator.  The Parties amended each of the Clinical Trial Agreements in the First Amendments and the Second Amendments.  The First Amendments and Second Amendments updated certain provisions of Clinical Trial Agreements but retained other provisions.  Accordingly, Biomea treats the Clinical Trial Agreements and the various amendments together for the purposes of this action.

7.     Under the Clinical Trial Agreements and amendments, Voyage agreed to recruit and pre-screen participants for the Study consistent with the terms of the Protocol and Clinical Trial Agreements.

8.     Nothing in the Protocol or Clinical Trial Agreements permitted Voyage to pre-screen individuals who did not have T2D.

9.     Biomea became aware that rather than implementing the Protocol as written, Voyage pre-screened individuals that did not have a T2D diagnosis.  Further, Voyage has refused to "close out" the Study, in accordance with the terms of the Clinical Trial Agreements.

10.     Biomea has paid Voyage for work that Voyage did not perform consistent with the Clinical Trial Agreements, the various amendments, and the Protocol, and consistent with commercially reasonable standards.

11.     Biomea seeks to recover the monies that it has paid Voyage to date on the basis that Voyage has defrauded Biomea and breached its obligations under the Clinical Trial Agreements and amendments thereunder.

**THE PARTIES**

12.     Biomea is a for-profit corporation incorporated in Delaware with its principal place of business at 900 Middlefield Road, Redwood City, CA 94063.

13.     Upon information and belief, Voyage is a Professional Limited Liability Corporation incorporated in Arizona with its principal place of business in Tempe, Arizona.

**JURISDICTION AND VENUE**

14.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1332 because Biomea and Voyage are citizens of different states and the amount in controversy exceeds $75,000.

15.     This Court has personal jurisdiction over Voyage because, among other reasons, Voyage is a resident of this District.

16.     Venue is proper in this District because, among other reasons, Voyage is a resident of this District.

**GENERAL ALLEGATIONS**

A.     **Biomea Planned to Conduct a Clinical Trial for its Novel Potential Pharmaceutical Drug Candidate, BMF-219, in Accordance with the Protocol and Applicable FDA and IRB Regulations.**

17.     Biomea is a clinical stage biopharmaceutical company.

18.     Biomea is in the process of seeking approval from the FDA for a potential drug known as BMF-219.

19.     Biomea developed BMF-219 with the aim to cure diabetes.

20.     Biomea engaged ProSciento, Inc. ("CRO") as a contract research organization to assist Biomea in conducting the clinical trial described in the Protocol and appointed CRO as Biomea's authorized agent and representative in connection therewith, including making payments on behalf of Biomea.

21.     Biomea and Voyage entered into the Clinical Trial Agreements with Mr. Ali Imran and Mr. Umayr Azimi as Principal Investigators.

22.      Section 2.1(c) of the Clinical Trial Agreements provides that Voyage will "cause the Principal Investigator, all Sub-investigators (defined below), if any, and its employees, faculty, staff, contractors, and students performing any part of the Study or any Study-related activities … to comply with the Protocol."

23.     Section 3 of the Clinical Trial Agreements states that "[i]n full consideration for the services of [Voyage], Principal Investigator, and [Voyage] Personnel rendered in compliance with the Protocol and this Agreement, CRO, on behalf of [Biomea], shall pay

[Voyage] the fees and expenses set forth in **Exhibit A** attached hereto and incorporated herein by referenced (the "***Budget and Payment Schedule***") (emphasis in original).

24.     The Parties first amended the Clinical Trial Agreements in October 2023.

25.     The First Amendments permitted Voyage to "pre-screen up to 20 patients without Sponsor approval" and charge a fee for doing so.

26.     The Parties amended the Clinical Trial Agreements for a second time on December 15, 2023.

27.     The Second Amendments amended the Budgets of the Clinical Trial Agreements.

28.     The Second Amendments' Attachment 1, Revised Budget provides that "[p]er protocol, subjects will be prescreened for HbA1c and recruited based on the allowed HbA1C range specified in the inclusion criteria.  Site can pre-screen all patients without Sponsor approval; Payment will be based on completion of Site screening log."

29.     The Second Amendments were "made effective as of the date of the last signature hereof," which was December 15, 2023.

30.     The Second Amendments did not retroactively apply to events preceding December 15, 2023.

31.     Voyage had an obligation to comply with the Protocol prior to the Second Amendments on December 15, 2023.

32.     Voyage had an obligation to comply with the Protocol after the Second Amendments on December 15, 2023.

33.     Neither the First Amendments or Second Amendments altered the language in § 2.1(c) of the Clinical Trial Agreements, under which Voyage agreed to conduct the Study in accordance with the Protocol.

34.     The Second Amendments' provisions were in effect for seven (7) days from December 15, 2023, until December 21, 2023.

35.     On December 21, 2023, the CRO sent Voyage an email stating "we ask that prescreening efforts be put on temporary HOLD at both your sites (site #169 and #180).

36.     At all times following the execution of the Clinical Trial Agreements until December 21, 2023, when the Parties stopped any enrollment activity at the sites, Voyage had an obligation to comply with the Protocol.

37.     Voyage agreed that it would be paid for its work only in compliance with the Protocol.

**B.     Voyage Agreed to Screen Study Participants According to the Protocol.**

38.     The Protocol includes the details of how the Study should be conducted.

39.     Section 5 of the Protocol describes the Study population and how patients would be recruited, screened, and identified.

40.     Section 5.4 of the Protocol is entitled "Subject Recruitment, Screening, and Identification."

41.     Section 5.4 of the Protocol provides a description of how patients would be recruited, screened, and identified, and states that "[s]ubjects with T2D will be pre-screened for HbA1c and recruited based on the allowed HbA1C [sic] range specified in the inclusion criteria and the current coverage of that range from subjects enrolled previously."

42.     The Protocol indicates that Voyage would pre-screen patients with T2D.

43.     Nothing in the Protocol permits Voyage to pre-screen patients who did not have T2D.

44.     Pursuant to the Protocol, the only patients to be pre-screened are those with T2D.

45.     In the Investigator's Agreement, Dr. Imran, Principal Investigator for Voyage, attested that he "read the protocol, appendices, and accessory materials related to" the Study "and agree[d] … [t]o conduct this study as described by the protocol[.]"

46.     Dr. Imran likewise signed FDA Form 1572, which documented his understanding of the Protocol and his agreement to conduct the trial consistent with the Protocol.

47.     Based on the Parties' agreements, Voyage agreed that, before December 15, 2023, Voyage would screen potential study participants consistent with the Protocol.

48.     Based on the Parties' agreements, Voyage agreed that, from December 15, 2023, until December 21, 2023, Voyage would be paid to pre-screen patients "[p]er [the] protocol" for inclusion in the study.

49.     The Parties could not change the subject recruitment process and expand it to individuals who did not have a T2D diagnosis without amending the Protocol.

50.     Any amendment to the Protocol would have to be conducted in accordance with FDA policies and procedures.

51.     The Parties did not amend the Protocol and Biomea did not intend to remove the requirement that pre-screening for the Study would only occur for "[s]ubjects with T2D."

52.     Voyage did not implement the Protocol as written.

53.     Voyage pre-screened individuals that did not have a T2D diagnosis, which pre-screening was inconsistent with the Protocol.

54.     In January 2024 during an on-site monitoring visit, it was discovered that Voyage and the Principal Investigator did not obtain documentation that subjects who were pre-screened had a diagnosis of T2D prior to pre-screening them.  That discovery was reported to the IRB.

55.     The IRB noted that Voyage and the Principal Investigator "must obtain confirmation of subjects' T2DM diagnosis before asking them to sign the prescreening ICF, which the site confirmed they did not do.  Therefore, these pre-screened subjects should not have signed the ICF and have an HbA1c test done."

56.     Thereafter, in a submission to the IRB, Voyage purported to implement additional processes and procedures to, in Voyage's own words, "ensure the protocol is always adhered to with precision.  We will ensure that these issues never occur again."

57.     Voyage admitted to the IRB that it did not comply with the Protocol because Voyage did not obtain confirmation of the subjects' T2D diagnosis before starting the pre-screening process.

58.     Voyage represented that it had the experience and ability to perform its obligations under the Clinical Trial Agreements.

59.     Voyage knowingly made false representations to Biomea regarding its ability to perform under the parties' agreements, including that it would conduct the Study in strict accordance with the Protocol and Biomea's instructions.

**C.     Voyage is Refusing to Fulfill its Contractual Obligation to Close Out the Study.**

60.     Section 2.1(d) of the Clinical Trial Agreements states that Voyage "shall not, and shall not permit the Study Team to, deviate from the Protocol or from Sponsor's or CRO's other written instructions, except for any deviation that, in the reasonable medical judgment of the Principal Investigator, is necessary to protect the safety, rights or welfare of any Study subject."

61.     Section 2.3 of the Clinical Trial Agreements states that Voyage is required to "conduct the Study in a timely and professional manner in accordance with the highest standards in the industry, the[e] Agreement[s], in strict adherence to the Protocol, CRO's written instructions, and the requirements of the applicable IRB/EC."

62.     Section 8.2 of the Clinical Trial Agreements provides that Biomea and its "representatives may visit and/or meet with Institution, Principal Investigator and other Study Team members, consultants, and CRO-or sponsor-approved subcontractors at the Study Location(s) at reasonable times and with the reasonable frequency during normal business hours to inspect, audit, and monitor the progress of the Study and review Study Documents and Study Data.  Institution shall assist CRO and Sponsor in scheduling such visits."

63.     Consistent with this obligation, Biomea and CRO have requested to conduct a close out visit at Voyage's facilities.

64.     Voyage has refused to close out the Study.

65.     Voyage has indicated that it will refuse to close out the Study until Biomea pays for all pre-screens, including those pre-screens that Voyage completed outside the

parameters of the Protocol and for which Biomea does not have a contractual obligation to pay Voyage.

66.     Voyage breached the Clinical Trial Agreements by refusing to comply with Biomea and CRO's instructions.

67.     Voyage breached the Clinical Trial Agreements by refusing to arrange a close out visit for Biomea and CRO at Voyage's facilities.

68.     Voyage breached the Clinical Trial Agreements by demanding payment for work that it performed inconsistent with the Protocol.

**D.     Voyage is Threatening to Breach the Stringent Confidentiality Provisions in the Clinical Trial Agreement.**

69.     Voyage agreed to abide by a number of stringent confidentiality provisions when it entered into the Clinical Trial Agreements.

70.     Voyage agreed, in § 5.2, that "[d]uring the term of this Agreement and for a period of ten (10) years after expiration or termination of this Agreement, Institution and Principal Investigator shall maintain all Confidential Information in strict trust and confidence."

71.     Section 9.2 of the Clinical Trial Agreements provides that "[o]ther than as permitted in this Agreement, Institution and Principal Investigator (which shall include their respective employees, students, medical and professional staff, agents and representatives) agree that they will not issue or disseminate, and that they will not allow their employees, students, medical and professional staff, agents or representatives to issue or disseminate, any press release or statement, or any communication of information regarding the Study, written or oral, to the communications media or any third party without the prior written consent of Sponsor."

72.     Voyage, its employees, agents and representatives are prohibited from making any public statements regarding the Study without Biomea's prior written consent under § 9.2 of the Clinical Trial Agreements.

73.     Upon knowledge and belief, Voyage has threatened to take various steps to publicize its dispute with Biomea and the Study including holding a press conference and utilizing social media platforms to criticize Biomea and the Study—these actions, which have been planned, constitute a breach of the Clinical Trial Agreements.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

74.     Biomea realleges and incorporates by reference paragraphs 1 through 73 of its Counterclaims as if fully set forth herein.

75.     The Parties entered into the Clinical Trial Agreements and various amendments.

76.     Biomea performed under the Parties' agreements.

77.     Voyage had certain obligations under the Parties' agreements that Voyage failed to comply with.

78.     Voyage breached its contractual obligations under the Parties' agreements.

79.     Biomea suffered damages resulting from Voyage's failure to perform under the Parties' agreements in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (Fraud)

80.     Biomea realleges and reincorporates by reference paragraphs 1 through 79 of its Counterclaims as if fully set forth herein.

81.     Voyage made representations to Biomea in the Parties' agreements.

82.     Voyage made representations that were false and inconsistent with its representations in the Parties' agreements.

83.     Voyage made material representations in the Parties' agreements.

84.     Voyage knowingly made false statements in its representations in the Parties' agreements, or in the alternative, made statements with ignorance towards the truth of those statements.

85.    Voyage made representations in the Parties' agreements with the intent to induce Biomea to enter into those agreements.

86.    Biomea was not aware that Voyage made false statements in the Parties' agreements.

87.    Biomea relied on what it believed to be the truth in Voyage's false statements in the Parties' agreements.

88.    Biomea had a right to rely on the statements that Voyage made to it in the Parties' agreements.

89.    By making false statements on which Voyage intended Biomea to rely and Biomea reasonably did rely, Voyage defrauded Biomea.

90.    Biomea was consequently and proximately damaged by Voyage's false representations in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**

(**Unjust Enrichment**)

91.    Biomea realleges and reincorporates by reference paragraphs 1 through 90 of its Counterclaims as if fully set forth herein.

92.    Biomea paid Voyage's invoices for work performed under the Parties' agreements, notwithstanding the fact that Voyage failed to comply with the Parties' agreements.

93.    Voyage received the benefit of payment at Biomea's expense.

94.    Voyage unjustly enriched itself.

95.    It would be unjust to Biomea to allow Voyage to keep these payments that Voyage has unjustly enriched itself with.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaimant Biomea prays for judgment against Plaintiff/Counterclaim-defendant Voyage as follows:

A.    Dismissal of Voyage's Complaint in its entirety;

B.    A judgment in favor of Biomea and against Voyage on all causes of action alleged in the Complaint;

C.    A judgment that Voyage breached its contracts with Biomea;

D.    A judgment that Voyage defrauded Biomea;

E.    A judgment that Voyage unjustly enriched itself;

F.    An award of damages to Biomea;

G.    Attorneys' fees and costs pursuant to the terms of the contracts and A.R.S. § 12-341 *et seq.*; and

H.    Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Biomea demands a trial by jury for all issues so triable.

DATED this 20 day of June, 2024.

**SPENCER FANE LLP**

*s/  David E. Funkhouser III*
David E. Funkhouser III, Esq.
Jessica A. Gale, Esq.

**GOODWIN PROCTER LLP**

William C. Jackson, Esq. (*pro hac vice pending*)
Samarth Bhat, Esq. (*pro hac vice pending*)

*Attorneys for Defendant-Counterclaim Plaintiff Biomea Fusion, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 20, 2024, a copy of the foregoing was filed electronically using the Clerk of Court's CM/ECF system, which will provide notice to all counsel of record.

<u>*s/ Courtney Ryan*</u>